# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 20-1950V**

| | |
|---|---|
| SHERRY F. MITCHELL,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: July 30, 2026 |

*Thomas Verner Smith, Law Office of T. Verner Smith, Jackson, TN, for Petitioner.*

*Austin Joel Egan, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 22, 2020, Sherry F. Mitchell filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") following an influenza vaccination she received on December 22, 2019. Petition, ECF No. 1. On September 10, 2025, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 69.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $31,825.34 (representing $30,639.08 in fees plus $1,186.26 in costs). Petitioner's Motion for Award of Attorneys' Fees and Costs ("Motion") filed April 22, 2026, ECF No. 73. Furthermore, Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 83-1 at 2.

Respondent reacted to the Motion on May 4, 2026, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Respondents' response to Motion at ECF No. 77. On May 28, 2026, Petitioner filed a reply indicating that she has no further statements to submit in this matter. ECF No. 78.

I have reviewed the billing records submitted with the Petitioner's Motion. Petitioner requests a flat-rate of $433.00 for work performed from 2020-2026 by attorney T. Verner Smith. Mr. Smith has been a licensed attorney since approximately 1985 and was admitted to the Court in 1993. He is solo practitioner with over 40 years of experience. I find this requested flat-rate to be reasonable, and it shall be awarded herein.

Petitioner is requesting reimbursement of $750.00 in costs for an expert consultation from Dr. Jeffrey Dlabach. ECF No. 83-2, Exhibit 2. Neither the Respondent nor the Chief Special Master were consulted on this matter as required by the Guidelines for Practice Under the National Vaccine Injury Compensation Program which states, "the parties may not retain a medical expert, life care planner, or other expert without consulting each other and the Chief Special Master. Engaging experts is not routine in SPU cases and may not be found to be a reasonable cost depending on the circumstances of the case."[3] In this instance, I will grant the expert fees. However, counsel is hereby admonished that incurring expenses that have not been sanctioned by the Court may result in those expenses not being paid going forward. Petitioner has otherwise provided supporting documentation for all claimed costs. ECF Nos. 73-3, 73-4, and 83. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total**

[3] *See* Page 39 of The guidelines for Practice Under the National Vaccine Injury Compensation Program can be found at: https://www.uscfc.uscourts.gov/guidelines-practice-under-national-vaccine-injury-compensation-program

**amount of $31,825.34 (representing $30,639.08 in fees plus $1,186.26 in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.